**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WEBCO, INC., CHARLES T. WEAVER**  PLAINTIFFS
**and LINDA WEAVER, husband and wife**

**v.**  NO. 4:07-CV-00035 GTE

**UPLAND INDUSTRIAL DEVELOPMENT**
**COMPANY**  DEFENDANT

## ORDER GRANTING SUMMARY JUDGMENT

Defendant Upland Industrial Development Company ("Upland") seeks summary judgment. Plaintiffs oppose the motion. The sole issue before the Court is whether a reservation of "mineral rights" in a deed was sufficient to reserve oil and gas rights to the grantor and its successors in title. The Court holds that it was.

## BACKGROUND

Plaintiffs are owners of real property located in Faulkner County, Arkansas (hereinafter, "the Property"). Plaintiffs trace their ownership of the Property to a December 16, 1938 conveyance from the Missouri Pacific Railroad Company to J.B. Morris. The deed in question contained the following reservation:

> . . . reserving, however, to the said Missouri Pacific Railroad Company and to the said Trustee, Missouri Pacific Railroad Company, debtor, and each of their successors and assigns, all the minerals, upon, in or under the said land or any part thereof, together with the right to enter upon said land, or any part thereof, and explore, dig, mine or drill for and remove minerals supposed to be in, upon or under the said land, or any part thereof, and to erect, place, use, occupy and enjoy upon said land or any part thereto, and to erect, place, use, occupy and enjoy upon said land or any part thereof, such roads and ways, structures, buildings, pipe lines, tools, implements, or machinery as may be proper, necessary or convenient in or about the exploring, digging, mining, or drilling

> for or removal of any minerals, without any claim for damages on behalf of said second party or assigns.

On September 28, 1995, Missouri Pacific Railroad Company executed a quitclaim deed in favor of Upland conveying a specified interest in the lands previously conveyed to J.B. Morris in the 1938 deed (as well as other lands not involved in this cause of action). The deed to Upland contained the following language of conveyance:

> All right, title and interest of Grantor in any and all oil, gas (including helium and other gaseous substances), sulphur and associated liquid and liquefiable hydrocarbons in, under or that may be produced from the real properties in Faulkner County, State of Arkansas . . . together with the sole, exclusive, and perpetual right to explore for, remove and dispose of such oil, gas, sulphur and associated hydrocarbons. . .

Plaintiffs contend that the reservation of "mineral rights" contained in the 1938 deed in favor of their predecessor in title did not include any oil and gas interests associated with the property "since those interests were not commonly recognized as minerals at that time in Faulkner County, Arkansas." (Petition at p. 4, ¶ 6). Plaintiffs seek a declaration that they own all oil and gas rights in the Property, rather than the Defendant Upland.

## DISCUSSION

Both parties agree that the present dispute is governed by a rule of property known as the *Strohacker* Doctrine. The *Strohacker* Doctrine was created by the Arkansas Supreme Court in the 1941 case of Missouri Pacific Railroad Company v. Strohacker, 202 Ark. 645, 152 S.W.2d 587 (1941). At issue in the *Strohacker* case were 1892 and 1893 deeds reserving "all coal and mineral deposits." The *Strohacker* court held that the reservation did not include oil and gas, stating:

- 2 -

> If the reservations had been made at a time when oil and gas production, or explorations, were general, and legal or commercial usage had assumed them to be within the term "minerals," certainly Appellants would prevail.

*Id.*, 152 S.W.2d at 561.

The *Strohacker* court was interpreting 1892 and 1893 deeds and it was obligated to consider the status of oil and gas at that time. The court noted in its 1941 opinion that "[i]t can no longer be doubted that a reservation of minerals, or of mineral rights, is sufficient to identify oil and gas." *Id.*, 152 S.W.2d at 561 (citing *Sheppard v. Zeppa, Trustee*, 199 Ark. 1, 133 S.W.2d 860 (1939)).

In the *Sheppard* case, the Arkansas Supreme Court held that a 1937 conveyance reserving "mineral rights" was "effective to withhold oil, gas, and other minerals from the conveyance." *Sheppard*, 133 S.W.2d at 866.

Defendant points out that beginning in 1917, numerous oil and gas leases were executed and recorded in Faulkner County and White County, Arkansas. In 1922, the first gas well was drilled in Faulkner County. In 1903, the first gas well was drilled in White County. In 1939, the Arkansas legislature created the Arkansas Oil and Gas Commission, Acts 1939, No. 105, designating to the Commission statewide authority to regulate oil and gas exploration.

The Court agrees with Defendant Upland, for the reasons well stated in its brief, that by 1938 in Faulkner County, oil and gas were " . . . minerals commonly known and recognized by legal or commercial usage" within the meaning of the *Strohacker* Doctrine.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED that Defendant Upland Industrial Company's Motion for Summary Judgment (docket entry # 14) be, and it is hereby, GRANTED. Plaintiffs' Complaint

is hereby DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED this  3rd   day of August, 2007.

                                          /s/Garnett Thomas Eisele
                                          UNITED STATES DISTRICT JUDGE